UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02681-DOC-AJR                    Date: December 30, 2024

Title: Roger Rojas v. TE Connectivity Corporation et al.

| | |
|---|---|
| PRESENT: | THE HONORABLE DAVID O. CARTER, JUDGE |

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE TO STATE COURT SUA SPONTE**

On the Court's own motion, the Court hereby **REMANDS** this case to the Superior Court of California, County of Orange.

**I.   Background**

This is an employment action brought under California state law. Plaintiff Roger Rojas alleges that he was an employee of Defendant TE Connectivity Corporation from November 20, 2022 until December 19, 2023 when he was terminated for and retaliated against for having a mental disability and requesting accomodations. *See generally* Complaint (Dkt. 6, Exhibit 1). Plaintiff asserts three causes of action against Defendant: (1) Discrimination in Violation of the California Fair Employment and Housing Act ("FEHA") (California Government Code § 12940(a) et seq.); (2) Unlawful Retaliation in Violation of Government Code section 12940(h); and (3) Wrongful Termination in Violation of Public Policy. Notice of Removal ("Not.") (Dkt. 1), at 1.

Plaintiff originally filed suit in the Superior Court of California, County of Orange, on March 19, 2024. *Id*. Defendant fails to disclose to the Court that it had previously filed a Notice of Removal of the exact same state court case with this Court on April 25, 2024 asserting diversity jurisdiction. *See* Case No. 8:24-cv-00904-DOC-AJR (Dkt. 1). The Court remanded that case to state court sua sponte for lack of subject matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02681-DOC-AJRDate: December 30, 2024
Page 2

jurisdiction. *See* Order Sua Sponte Remanding Case to State Court, Case No. 8:24-cv-00904-DOC-AJR (Dkt. 12). The Court specifically found that Defendant had failed to meet its burden to show the amount in controversy was met and, thus, the Court lacked diversity jurisdiction. *Id*. Despite the prior attempt at removal, Defendant's counsel, the same counsel that filed the prior Notice of Removal, filed a Notice of Related Cases in the present case stating that it was not aware of any previously filed cases that were related. *See* Notice of Related Cases (Dkt. 5).

Defendant on December 11, 2024, nearly nine months after the Complaint was filed and over seven months after the first removal attempt, filed the present Notice of Removal (Dkt. 1) again asserting diversity jurisdiction.

**II.Legal Standard**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02681-DOC-AJR                                           Date: December 30, 2024
                                                                                              Page 3

"presumptively satisfied." *Id.* In that situation, a plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or

remand pursuant to 28 U.S.C. § 1447(c). A court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

### III.　Discussion

　　"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" 28 U.S.C. § 1446(b)(1). But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "If the case is not removable based on the initial pleading, the removal clock [under § 1446(b)(3)] does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).

　　Without disclosing that it had previously attempted removal of the same state court case based on diversity jurisdiction, Defendant argues that its removal is not untimely now because it only received "unequivocally clear and certain" information of the amount in controversy on November 12, 2024. Not. at 3. Defendant asserts that Plaintiff's service of verified supplemental responses to Special Interrogatories and Employment Interrogatories on November 12, 2024 started the thirty day clock under 28 U.S.C. § 1446(b). *Id*. In that supplemental discovery, Defendant states that Plaintiff for the first time provides clear information that his lost wages from termination until service of the supplemental discovery amount to $67,085.50. *Id*. at 8. Defendant also states that the discovery clarified Plaintiff has paid $840 per month for benefits since termination so he has incurred $10,080 in lost benefits. *Id*. According to Defendant, the amount in controversy is thus at least $77,165.50 at the time of this removal. *Id*. Defendant also asserts that emotional distress damages, punitive damages, and attorney's fees should be included in the amount in controversy. *Id*. at 9-15.

　　The cases that Defendant cites to for support of this removal as timely were not cases involving successive removals as here. That is because there is a separate doctrine on successive removals. "A successive removal petition is permitted only upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a *new* and *different* ground for removal.'" *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02681-DOC-AJR                                                                                  Date: December 30, 2024
Page 5

Cir. 1991)). An intervening change in law creating a new basis for subject matter jurisdiction or an amended pleading creating federal subject matter jurisdiction for the first time have been recognized as valid changes in circumstances. *Id*. In *Reyes*, the Ninth Circuit found that the state court's class certification order expanding the class to create CAFA jurisdiction for the first time was equivalent to amending the complaint to newly create federal jurisdiction and, thus, the successive removal was proper and timely. *Id*. at 1189.

Here, Defendant fails to assert a new and different ground for removal. Defendant asserts diversity jurisdiction again. Defendant has merely waited several months after the first removal for Plaintiff's lost wages and benefits to accrue to potentially exceed the amount in controversy. Thus, Defendant's second removal is denied as improperly successive.

The limitation on successive removals without a change in circumstances accords with the bar on appellate review and district court reconsideration of most remands based on lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(d); *see also Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) ("This language [in 28 U.S.C. § 1447(d)] has been universally construed to preclude not only appellate review but also reconsideration by the district court."). The Court's first remand of the same state court case was based on lack of subject matter jurisdiction. The principles of federalism and judicial economy also support not interfering with state court proceedings more than once. *See Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1062 (C.D. Cal. 2014).

### IV.   Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Superior Court of Orange County. The scheduling conference set for February 10, 2025 is **VACATED**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                                        Initials of Deputy Clerk: kdu
CIVIL-GEN